UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DUSTIN MCLELLAND (#463050)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **20-583-BAJ-SDJ** |
| **DR. PETTY SINGH, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 4, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DUSTIN MCLELLAND (#463050)**                                              **CIVIL ACTION**

**VERSUS**

**20-583-BAJ-SDJ**

**DR. PETTY SINGH, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate confined at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Defendants, Dr. Petty Singh and Dr. Johnathan Roundtree, complaining that his constitutional rights were violated when his HIV status was exposed to other inmates due to notations made on a callout sheet. He seeks monetary, declaratory, and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based

on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, as amended, Plaintiff alleges the following: On March 4, 2020, a callout sheet was released through the dormitory's digital system and on paper. Plaintiff's name and inmate number were listed on the sheet and included the notation, "COC CMP HIV Viral Load CD4." Plaintiff asserts that his confidential medical information was exposed to anyone who viewed the digital or paper callout.[1]

According to Plaintiff, the medical staff asserted that they did not intentionally expose Plaintiff's medical condition, but they admitted to their negligence. Defendant Dr. Roundtree also acknowledged the disclosure but stated that the disclosure was not intentional.[2]

Prisoners retain, at best, a very minimal constitutional interest in privacy after incarceration. *Oliver v. Scott,* 276 F.3d 736, 744 (5th Cir. 2002). Two federal circuit courts of appeals have recognized a limited Fourteenth Amendment right of privacy for prisoners against the purposeful disclosure of their HIV-positive status, subject to legitimate penological interests. *See Doe v. Delie,* 257 F.3d 309, 317 (3d Cir. 2001) and *Powell v. Schriver,* 175 F.3d 107, 112

---

[1] R. Doc. 9 at 7.
[2] R. Doc. 9 at 8.

(2d Cir. 1999). The Fifth Circuit, however, has not squarely addressed the issue. In *Alfred v. Corrections Corporation of America*, 437 F. App'x. 281 (5th Cir. June 7, 2011), the Fifth Circuit noted that it had previously held in *Moore v. Mabus*, 976 F.2d 268 (5th Cir. 1992) that it was not a constitutional loss of privacy violation for a prison to identify HIV-positive inmates for purposes of segregating them from the general prison population because that "obviously serves a legitimate penological interest." Although the Court held in *Alfred* that intentional disclosure to *other inmates* could state a claim, it and other courts have held that disclosure for legitimate penological interests would not state a claim.

In the instant matter, Plaintiff has not alleged sufficient facts to show that he suffered a non-negligent deprivation of the right. Although Plaintiff alleges that his HIV status was disclosed to other inmates, he has not alleged that such information was intentionally disclosed by either Defendant.

Plaintiff has alleged only negligent conduct by Defendants. Plaintiff specifically alleges that the medical staff admitted their negligence. It is well established that negligent conduct is ordinarily not enough to state a claim alleging a denial of liberty or property under the Fourteenth Amendment. *See Daniels v. Williams,* 474 U.S. 327, 330 (1986); *Davidson v. Cannon,* 474 U.S. 344, 347 (1986) ("[T]he Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property. In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required.").

Furthermore, in order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the

official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

While Plaintiff refers to the negligence of the medical staff, Plaintiff does not allege any action or inaction on the part of Defendants Drs. Singh or Roundtree which led to an intentional disclosure of his medical information to other offenders. Plaintiff does allege that Defendants violated state law but does so in a conclusory manner and does not allege any facts as to how Defendants violated the law[3].

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or

---

[3] On January 5, 2021, the Court issued an Order to Plaintiff advising him of the law stated herein and directing him to amend his Complaint by: (1) Stating facts as to whether his information was purposefully disclosed to other inmates without a legitimate penological interest; and (2) State how Defendants Drs. Petty and Roundtree were personally involved in the intentional dissemination of Plaintiff's medical information. *See* R. Doc. 4. Despite the foregoing, Plaintiff's Amended Complaint (R. Doc. 9) is primarily conclusory allegations and a recitation of the law.

complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that Plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[4]

Signed in Baton Rouge, Louisiana, on August 4, 2021.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."