UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DUSTIN MCLELLAND (#463050)                        CIVIL ACTION

VERSUS

DR. PETTY SINGH, ET AL.                           NO. 20-00583-BAJ-SDJ

RULING AND ORDER

Before the Court are the Complaint (Doc. 1) and Amended Complaint (Doc. 9) filed by *pro se* Plaintiff Dustin McLelland. The Magistrate Judge has issued a **Report and Recommendation (Doc. 10)**, recommending that the Court decline to exercise supplemental jurisdiction over any potential state law claims, and dismiss Plaintiff's complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff filed objections to the Magistrate Judge's Report (Doc 11).

Plaintiff asserts that on March 4, 2020, a callout sheet was released through the prison dormitory's digital system and on paper. *See* Doc. 9. Plaintiff asserts that confidential medical information pertaining to his HIV-positive status was exposed to anyone who viewed the digital or paper callout. *See* Doc. 9, p. 7.

The United States Court of Appeals for the Fifth Circuit has determined that it is not a constitutional loss of privacy violation for a prison to identify HIV-positive inmates for the purposes of segregating them from the general prison population because it "obviously serves a legitimate penological interest." *Alfred v. Corr. Corp. of Am.*, 437 F. App'x 281 (5th Cir. 2011). The Fifth Circuit held that intentional disclosure to other inmates could state a claim; however, disclosure for legitimate

1

penological interest would not be regarded as stating a claim. *See Alfred*, 437 F. App'x at 285. The Magistrate Judge found, and the Court agrees, that Plaintiff has not alleged sufficient facts to show that his HIV status was intentionally disclosed by Defendants.

Moreover, pursuant to § 1983, a prison official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Here, Plaintiff does not allege any action or inaction on the part of Defendants that suggest a personal or direct disclosure of his medical information to other inmates. Nor does he allege a causal connection between the Defendants' actions as officials and his constitutional rights. *See* Doc. 9.

Finally, Plaintiff makes conclusory allegations that Defendants violated state law, but he does not allege any facts to show how Defendants did so. For this reason, the Court declines to exercise supplemental jurisdiction over any potential state law claims.

Having carefully considered Plaintiff's Complaint and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's claims against Defendants Petty Singh and Jonathan Roundtree be and are hereby **DISMISSED WITH PREJUDICE**, for

failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER ORDERED** that the Court declines the exercise of supplemental jurisdiction over any potential state law claims.

A judgment will issue separately.

Baton Rouge, Louisiana, this 19th day of October, 2022

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA